**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| DERM TO DOOR CORPORATION<br>6849 Old Dominion Drive<br>Suite 450<br>Mclean, VA 22101,<br><br>    Plaintiff,<br><br>v.<br><br>DERMDOOR.COM, an Internet Domain Name,<br><br>    Defendant. | Civil Action No._____ |

## COMPLAINT

Plaintiff Derm to Door Corporation ("Derm to Door" or "Plaintiff"), by counsel, alleges as follows for its Complaint against the Internet domain name DermDoor.Com (the "Defendant Domain Name"):

## NATURE OF THE SUIT

1.      This is an *in rem* action for trademark infringement and cybersquatting under the Lanham Act, 15 U.S.C. §§ 1114(1)(a), 1125(a)(1), and 1125(d), and 28 U.S.C. § 1655, arising from the Defendant Domain Name's use of a domain and mark confusingly similar to Plaintiff's statutory and common law trademark rights in the mark DERM TO DOOR.

## PARTIES

2.      Derm to Door Corporation is a corporation organized and existing under the laws of Virginia with a principal business address of 6849 Old Dominion Drive, Suite 450, Mclean, VA 22101.

3.      Defendant DermDoor.com is an Internet domain name which, according to records

in the "Whois" database of domain name registrations, is registered through the registrar GoDaddy.com, LLC ("GoDaddy") to an unidentified person or entity. A copy of the domain name registration record for DermDoor.com is attached hereto as Exhibit A.

## JURISDICTION AND VENUE

4. This is a civil action for federal trademark infringement and cybersquatting under the Lanham Act, 15 U.S.C. § 1114(1)(a), 1125(a)(1), and 1125(d).

5. This Court has original jurisdiction under 15 U.S.C. § 1121(a), 28 U.S.C. §§ 1331 and 1338(a), and 28 U.S.C. § 1655.

6. This Court has *in rem* jurisdiction over the Defendant Domain Name pursuant to 15 U.S.C. § 1125(d)(2)(A). *In rem* jurisdiction is appropriate under 15 U.S.C. § 1125(d)(2)(A)(ii) because the listed registrant of the Defendant Domain Name is being concealed by a registrar and/or privacy service. Therefore, Plaintiff, despite its due diligence, has been unable to find a person or persons who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A).

7. Pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(aa), Plaintiff will give notice of the violations of Plaintiff's rights and Plaintiff's intent to proceed *in rem*, to the addresses set forth in the registration record for the Defendant Domain Name.

8. Venue is proper in this District pursuant to 15 U.S.C. § 1125(d)(2)(c) and 28 U.S.C. § 1391(b)(2) in that the .COM domain name registry operator, VeriSign, Inc., is situated in this judicial district, and the Defendant Domain Name is a .COM domain name.

## DERM TO DOOR'S RIGHTS

9. Plaintiff Derm to Door was established in 2018 to provide consumers with guidance and access to quality skincare and beauty products. The company was founded by a board-certified

dermatologist to take the guesswork out of choosing and using appropriate and effective products.

10. Plaintiff offers its products through various means, including a website at DermToDoor.com and through smartphone applications. All products available through these means are hand-picked by dermatologists.

11. Plaintiff has used the DERM TO DOOR Mark since at least July 2019 to offer cosmetic, hair care, and skin care presentations, and retail services for the same.

12. The aforementioned goods and services have been continuously offered for sale and sold in interstate commerce under the DERM TO DOOR Mark.

13. Plaintiff advertises and offers its goods and services via its website at DermToDoor.com and its corresponding applications, as well as advertising through various social media platforms including Facebook, Instagram, YouTube, and Pinterest.

14. Plaintiff's goods and services have garnered significant public attention, including being featured in publications such as *Modern Luxury DC*.

15. Based on its use of the DERM TO DOOR Mark in U.S. commerce in association with the aforementioned goods and services, Plaintiff is entitled to common law trademark protection of the DERM TO DOOR Mark.

16. In addition to its common law trademark rights, Plaintiff is the owner of U.S. Trademark Reg. No. 6009549, for the mark DERM TO DOOR, directed to "Cosmetic preparations for body care; Hair care preparations; Non-medicated skin care preparations." A copy of Reg. No. 6009549 is attached hereto as Exhibit B.

17. Plaintiff's federal registration for the DERM TO DOOR Mark is prima facie evidence of the validity of the mark, of Plaintiff's ownership of the mark, and of Plaintiff's exclusive right to use the mark in U.S. commerce.

**DEFENDANT'S UNLAWFUL ACTS**

18. On May 2, 2021, the Defendant Domain Name was registered through GoDaddy to an unidentified registrant.

19. The Defendant Domain Name is highly similar to Plaintiff's DERM TO DOOR Mark, with only the insubstantially difference of omitting the term "to."

20. Shortly after the Defendant Domain Name was registered, a website was established at the Defendant Domain Name, prominently using a mark highly similar to Plaintiff's DERM TO DOOR Mark, DERMDOOR:



21. The website at the Defendant Domain Name purports to offer retail services for the same categories of products that Plaintiff offers, including cosmetic, skincare, and hair care products.

22. The website at the Defendant Domain Name has been taking customer orders for these products. However, on information and belief based on consumer complaints received by Plaintiff and Plaintiff's own investigation, orders taken through the website at the Defendant

Domain Name have not be fulfilled.

23. Since the establishment of the website at the Defendant Domain Name, both customers and partners of Plaintiff have expressed actual confusion regarding an affiliation between Plaintiff and the Defendant Domain Name, including reaching out to complain about orders placed through the website at the Defendant Domain Name that were never fulfilled, erroneously believing that they had made the purchases through Plaintiff's website.

24. On information and belief, the current registrant of the Defendant Domain Name receives compensation in the form of consumer revenue when Internet visitors, who were attempting to reach Plaintiff's site at DermToDoor.com, inadvertently end up on the Defendant Domain Name's DermDoor.com website instead.

25. The use of the DERM TO DOOR Mark by the Defendant Domain Name and/or associated websites is without authorization from Plaintiff.

26. On August 4, 2021, counsel for Plaintiff attempted to contact the registrant of the Defendant Domain Name through a privacy company apparently used by the registrant, and through the email address provided on the Defendant Domain Name's website. In that correspondence, Plaintiff's counsel demanded that the registrant cease use of marks confusingly similar to Plaintiff's DERM TO DOOR Mark, based on likely and actual consumer confusion with Plaintiff's well-established senior trademark rights.

27. On August 10, 2021, purported counsel for the Defendant Domain Name responded to Plaintiff's counsel, identifying its client only as "DermDoor" with no further details or contact information, and offering to wind down use on a time frame that was untenable given the actively occurring consumer confusion.

28. On August 11, 2021, counsel for Plaintiff responded, demanding cessation of use

within 14 days of that date, and requesting identification of the person or entity operating the website at DermDoor.com.

29. As of the filing of this Complaint, the website at the Defendant Domain Name remains active and operating under the name DERM DOOR.

30. On information and belief, neither the DERM TO DOOR Mark nor DermDoor.com reflects the legal name of the registrant.

31. On information and belief, the registrant of the Defendant Domain Name has not engaged in bona fide noncommercial or fair use of the DERM TO DOOR Mark in a website accessible under the Defendant Domain Name.

32. On information and belief, the registrant of the Defendant Domain Name does not have any trademark or other intellectual property rights in the DERM TO DOOR Mark.

33. The websites displayed by the registrant of the Defendant Domain Name are likely to cause confusion, or to cause mistake, or to deceive the relevant public as to the source or sponsorship of that website, and to mislead the public into believing that such websites emanate from, are approved or sponsored by, or are in some way associated or connected with, Plaintiff.

## COUNT ONE:
### (*In-Rem* Violation of the Anticybersquatting Consumer Protection Act)

34. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

35. Plaintiff's DERM TO DOOR Mark is distinctive and was distinctive prior to the time the Defendant Domain Name was registered.

36. The aforesaid acts constitute registration, trafficking, and/or use of a domain name that is nearly identical and/or confusingly similar to Plaintiff's DERM TO DOOR Mark, with bad faith intent to profit therefrom.

37. The aforesaid acts constitute unlawful cyberpiracy in violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1).

38. The aforesaid acts have caused, and are causing, great and irreparable harm to Plaintiff and the public. Unless permanently restrained and enjoined by this Court, said irreparable harm will continue. Thus, pursuant to 15 U.S.C. § 1125(d)(2)(D)(i) and 28 U.S.C. § 1655, Plaintiff is entitled to an order transferring the Defendant Domain Name registration back to Plaintiff.

## COUNT TWO:
### (*In-Rem* Trademark Infringement)

39. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

40. At the time the Defendant Domain Name was used by the current registrant, Plaintiff possessed valid statutory and common law trademark rights in the famous and/or distinctive DERM TO DOOR Mark.

41. In light of the concealment of the identity of the true owner of the DermDoor.com domain name, Despite its due diligence, Plaintiff has been unable to find a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A).

42. The use of the Defendant Domain Name, as well as the use of the mark DERMDOOR on the website hosted at the Defendant Domain Name, are uses in commerce.

43. The use of the Defendant Domain Name, as well as the use of the mark DERMDOOR on the website hosted at the Defendant Domain Name, affects Plaintiff's ability to use its DERM TO DOOR Mark in commerce.

44. The Defendant Domain Name and its registrant have no valid rights in the DERM TO DOOR Mark.

45. Use of the DERM TO DOOR Mark by the Defendant Domain Name and its

registrant is without the permission or authorization of Plaintiff.

46. The aforesaid use of the Defendant Domain Name, as well as the use of the mark DERMDOOR on the website hosted at the Defendant Domain Name, have caused and/or are likely to cause confusion, mistake and/or deception among consumers and the public, leading the public falsely to believe that the Defendant Domain Name and/or the websites provided thereunder are those of, are sponsored or approved by, or in some way connected with Plaintiff.

47. The aforesaid use of the Defendant Domain Name constitutes direct infringement of Plaintiff's trademark rights in violation of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a)(1).

48. The aforesaid acts have caused, and are causing, great and irreparable harm to Plaintiff and the public. The harm to Plaintiff includes harm to the value and goodwill associated with the DERM TO DOOR Mark that money cannot compensate. Unless permanently restrained and enjoined by this Court, said irreparable harm will continue.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests of this Court:

1. That judgment be entered in favor of Plaintiff on its claim of *in rem* trademark infringement.

2. That judgment be entered in favor of Plaintiff on its claim of *in rem* cyberpiracy under the Anti-Cybersquatting Consumer Protection Act.

3. That the Court preliminarily and permanently enjoin Defendant, its operators, officers, directors, principals, agents, servants, employees, successors and assigns, and all those in active concert or participation with it, jointly and severally, from using any copy or colorable imitation of the DERM TO DOOR Mark in connection with the promotion, advertisement, display,

sale, offering for sale, manufacture, printing, importation, production, circulation, or distribution of any product or service, in such fashion as to relate or connect such product or service in any way to Plaintiff, or to any goods or services sold, manufactured, sponsored, approved by, or connected with Plaintiff.

4. That the Court order the Defendant Domain Name be transferred to Plaintiff through a change by VeriSign, Inc. of the current domain name registrar for the Defendant Domain Name to Plaintiff's domain name registrar of choice and by such registrar's change of the registrant to Plaintiff.

5. That any other domain names registered by the registrant of the Defendant Domain Name that resemble or include the DERM TO DOOR Mark be transferred to Plaintiff.

6. That the Court order an award of costs and reasonable attorney's fees incurred by Plaintiff in connection with this action pursuant to 15 U.S.C. § 1117(a); and

7. That the Court order an award to Plaintiff of such other and further relief as the Court may deem just and proper.

Dated:  August 27, 2021        By:    /s/ Attison L. Barnes, III /s/
                                      Attison L. Barnes, III (VA Bar No. 30458)
                                      David E. Weslow (for *pro hac admission*)
                                      Adrienne J. Kosak (VA Bar No. 78631)
                                      WILEY REIN LLP
                                      1776 K St. NW
                                      Washington, DC 20006
                                      Tel: (202) 719-7000
                                      Fax: (202) 719-7049
                                      abarnes@wiley.law

                                      *Counsel for Plaintiff*
                                      *Derm to Door Corporation*